UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FOXMIND CANADA ENTERPRISES LTD., | | |
| Plaintiff, | | 23 Civ. 1764 (JPC) |
| v. | | **1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING MERCHANT STOREFRONTS AND DEFENDANTS' ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY** |
| ACEXL, ARESMRO, BDBD-US, BEBOGER, BQMDTY, CHILDREN'S TOYS HOUSE, CLRDGD, DASH GO, GRAMAN DIRECT, GYNAKOZ, HFATMOS, HOMEMATE, HONGBANGDOUFUPU, JADEWILL US, JHF Y STORE, JINGJINGXIN, JUNXUNXUN, KANGBAOXIN, LZM-US, MAIMAILINLIN, MITLKER, MUTOUZI, MYLUO _ US, OPPMART, PARBLEFRIED, PINZOVENO STORE DIRECT, QETRABONE-US, QINQIZIYT, RICHTIM, SCTECH DIRECT, SHANMAOGSI, SHUNCJL OFFICIAL STORE, SNTECH, SUNFAIT, T&T MEDIA GLOBAL CREATIONS LTD, TENG HUI, TOCINEY, TO-TORO, WENCASE, YMTEC, YMX TOYS and 新鑫商贸有限公司 a/k/a XINXIN TRADING CO., LTD., | | |
| Defendants. | | **FILED UNDER SEAL** |

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or FoxMind** | FoxMind Canada Enterprises Ltd. |
| **Defendants** | ACEXL, ARESMRO, BDBD-US, Beboger, BQMDTY, Children's Toys House, clrdgd, Dash GO, Graman Direct, Gynakoz, HFATMOS, HOMEMATE, hongbangdoufupu, JadeWill US, JHF Y store, JingJingXin, junxunxun, KANGBAOXIN, LZM-US, Maimailinlin, Mitlker, Mutouzi, MYLUO _ us, OPPMART, Parblefried, Pinzoveno Store Direct, QETRABONE-US, QINQIZIYT, Richtim, SCTech Direct, shanmaogsi, ShunCJL Official Store, SNTECH, Sunfait, T&T Media Global Creations LTD, Teng Hui, Tociney, TO-TORO, Wencase, YMTEC, YMX TOYS and 新鑫商贸有限公司 a/k/a Xinxin Trading Co., Ltd. |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Capon Dec.** | Declaration of David Capon in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Pop It Products** | A tactile toy and smart bubble popping game designed to stimulate children's senses and develop logic and reasoning skills |
| **Pop It Mark** | U.S. Trademark Registration No. 6,183,005 for "POP IT!" for goods in Class 28 |
| **Counterfeit Products** | Products bearing or used in connection with the Pop It |

| | |
|---|---|
| | Mark, and/or products in packaging and/or containing labels bearing the Pop It Mark, and/or bearing or used in connection with marks that are confusingly similar to the Pop It Mark and/or products that are identical or confusingly similar to the Pop It Mark |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon, such as Amazon.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

On this day, the Court considered Plaintiff's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery against Defendants, Third Party Service Providers and Financial Institutions in light of Defendants' intentional and willful offerings for sale and/or sales of Counterfeit Products.[1] A complete list of Defendants is attached hereto as **Schedule A**, which also includes links to Defendants' Merchant Storefronts and Infringing Listings. Having reviewed the Application and the Declarations of David Capon and Gabriela N. Nastasi, along with exhibits attached to those declarations and other evidence submitted in support of the Application, the Court makes the following findings of fact and conclusions of law:

## PRELIMINARY FACTUAL FINDINGS AND CONCLUSIONS OF LAW

1.      FoxMind is a leading distributor of toys and games that are intended to offer mind stimulating fun while developing reasoning skills, spatial logic, and other skills associated with science, technology, engineering, and math (STEM) under its brands, including, but not limited to: Match Madness, Architecto, Figure It, and Kulami.

2.      One of FoxMind's most popular and successful brands is Pop It, a tactile toy and smart bubble popping game designed to stimulate children's senses and develop logic and reasoning skills.

3.      Pop It's popularity has soared over the last year due to over 2.5 billion people watching videos of people using Pop It Products on TikTok and other social media channels.

4.      Pop It Products are sold by major U.S. retailers and e-commerce sites, such as

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

1

Amazon, Target, Barnes and Noble, and Staples.

5. Pop It Products typically retail for between $7.99 and $12.99.

6. While FoxMind has gained significant common law trademark and other rights in its Pop It Products through use, advertising, and promotion, FoxMind has also protected its valuable trademark rights to the Pop It Products by filing for and obtaining a federal trademark registration.

7. For example, FoxMind is the owner of U.S. Trademark Registration No. 6,183,005 for "POP IT!" for goods in Class 28.

8. Defendants are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, and/or offering for sale the Counterfeit Product through Defendants' User Accounts and Merchant Storefronts with Amazon. *See* Schedule A (links to Defendants' Merchant Storefronts and Infringing Listings).

9. Amazon, an online marketplace and e-commerce platform, allows manufacturers and other third party merchants, like Defendants, to advertise, distribute, offer for sale, sell, and ship their retail products directly to consumers worldwide and specifically to consumers residing in the U.S., including New York.

10. Defendants are not, nor have they ever been, authorized distributors, or licensees of the Pop It Products. Neither Plaintiff, nor any of Plaintiff's authorized agents, have consented to Defendants' use of the Pop It Mark, nor has Plaintiff consented to Defendants' use of marks that are confusingly similar to, identical to, and constitute a counterfeiting or infringement of the Pop It Mark.

11. Plaintiff is likely to prevail on its Lanham Act claims at trial.

12. As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages, and injuries before Defendants can be heard in opposition unless Plaintiff's Application for *ex parte* relief is granted because:

    a. Defendants have offered for sale and sold Counterfeit Products that infringe the Pop It Mark;

b. Plaintiff has well-founded fears that more Counterfeit Products will appear in the marketplace; that consumers may be misled, confused, and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for the Pop It Products; and

c. Plaintiff has well-founded fears that if they proceed on notice to Defendants on this Application, Defendants will: (i) secret, conceal, destroy, alter, sell-off, transfer, or otherwise dispose of or deal with Counterfeit Products or other goods that infringe the Pop It Mark, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control; (ii) inform their suppliers and others of Plaintiff's claims with the result being that those suppliers and others may also secret, conceal, sell-off, or otherwise dispose of Counterfeit Products or other goods infringing the Pop It Mark, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control; (iii) secret, conceal, transfer, or otherwise dispose of their ill-gotten proceeds from its sales of Counterfeit Products or other goods infringing the Pop It Mark and records relating thereto that are in their possession or under their control; and/or (iv) open new User Accounts and Merchant Storefront under new or different names and continue to offer for sale and sell Counterfeit Products with little to no consequence.

13. The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Pop It Mark, and its reputations if a temporary restraining order is not issued.

14. Public interest favors issuance of the temporary restraining order in order to protect

Plaintiff's interests in and to its Pop It Mark, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as Pop It Products.

15. Plaintiff has not publicized its request for a temporary restraining order in any way.

16. Service on Defendants of the temporary restraining order via electronic means is reasonably calculated to result in proper notice to Defendants.

17. If Defendants are given notice of the Application, they are likely to secret, conceal, transfer, or otherwise dispose of their ill-gotten proceeds from their sales of Counterfeit Products or other goods infringing the Pop It Mark. Therefore, good cause exists for granting Plaintiff's request for an asset restraining order. It typically takes the Financial Institutions a minimum of five (5) days after service of the Order to locate, attach, and freeze Defendants' Assets and/or Defendants' Financial Accounts and it is anticipated that it will take the Third Party Service Providers a minimum of five (5) days to freeze Defendants' Merchant Storefronts. As such, the Court allows enough time for Plaintiff to serve the Financial Institutions and Third Party Service Providers with this Order, and for the Financial Institutions and Third Party Service Providers to comply with the Paragraphs I(B)(1) and I(C)(1) of this Order, respectively, before requiring service on Defendants.

18. Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide, or otherwise make inaccessible to Plaintiff the records and documents relating to Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or sale of Counterfeit Products. Therefore, Plaintiff has good cause to be granted expedited discovery.

4

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** as follows:

### I.    Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this Order, and for such further period as may be provided by order of the Court:

1)    manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in Counterfeit Products, or any other products bearing the Pop It Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Pop It Mark;

2)    directly or indirectly infringing in any manner Plaintiff's Pop It Mark;

3)    using any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Pop It Mark to identify any goods or service not authorized by Plaintiff;

4)    using Plaintiff's Pop It Mark and/or any other marks that are confusingly similar to the Pop It Mark on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling, and/or otherwise dealing in Counterfeit Products;

5)    using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake, and/or deceive members of the trade and/or the public as to the affiliation, connection, or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised,

5

marketed, promoted, distributed, displayed, offered for sale, or sold by Defendants and Defendants' commercial activities and Plaintiff;

6)     secreting, concealing, destroying, altering, selling off, transferring, or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents, or any other records or evidence relating to their User Accounts, Merchant Storefronts, or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of Counterfeit Products;

7)     effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

8)     knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(7) above and I(B)(1) and I(C)(1) below.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this Order, and for such further period as may be provided by order of this Court:

1)     secreting, concealing, transferring, disposing of, withdrawing, encumbering, or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

6

C. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this Order, and for such further period as may be provided by order of this Court:

1)      within five (5) days after receipt of service of this Order, providing services to Defendants, Defendants' User Accounts, and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

2)      knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(4), I(B)(1) and I(C)(1) above.

## II.    Order to Show Cause Why a Preliminary Injunction Should Not Issue and Order Of Notice

A. Defendants are hereby ORDERED to show cause before this Court in Courtroom 12D of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, at 9:00 a.m. on March 27, 2023, why a preliminary injunction, pursuant to Federal Rule of Civil Procedure 65(a), should not issue.

B. IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court via email at CronanNYSDChambers@nysd.uscourts.gov, and served on Plaintiff's counsel by delivering copies thereof to the office of Epstein Drangel LLP at 60 East 42nd Street, Suite 1250, New York, NY 10165, Attn: Jason M. Drangel on or before March 20, 2023. Plaintiff shall file any reply papers on or before March 24, 2023.

C. IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear at the show cause hearing scheduled in Paragraph II(A) above may result in the imposition of a preliminary injunction against them pursuant to Federal Rule of Civil Procedure 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

### III.     Asset Restraining Order

A. IT IS FURTHER ORDERED pursuant to Federal Rules of Civil Procedure 64 and 65, New York C.P.L.R. 6201, and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendants' Financial Accounts and shall provide written confirmation of such attachment to Plaintiff's counsel.

### IV.     Order Authorizing Bifurcated and Alternative Service by Electronic Means

A. IT IS FURTHER ORDERED that sufficient cause has been shown, that service of the temporary restraining order may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

1)      delivery of: (i) PDF copies of this Order together with the Summons and Complaint, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order to Defendants' e-mail addresses to be determined after having been identified by Amazon pursuant to Paragraph V(C).

8

B.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that the Clerk of the Court shall issue a single original summons directed to all Defendants as listed in an attachment to the summons that will apply to all Defendants.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

1)  delivery of: (i) a PDF copy of this Order or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

2)  delivery of: (i) a true and correct copy of this Order via Federal Express to Amazon.com, Inc. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501; (ii) a PDF copy of this Order; or (iii) a link to a secure website where Amazon.com, Inc. and Amazon Pay will be able to download a PDF copy of this Order via electronic mail to tro-notices@amazon.com;

3)  delivery of: (i) a PDF copy of this Order or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and subpoenas@payoneer.com and Holly Clancy and Melissa Godwin, counsel for Payoneer Inc., at Holly.Clancy@us.dlapiper.com and Melissa.Godwin@us.dlapiper.com, respectively; and

4)  delivery of: (i) a PDF copy of this Order or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal-int@pingpongx.com.

9

## V.  Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days after receiving service of this Order, each Defendant shall serve upon Plaintiff's counsel a written report under oath providing:

   a.  their true name and physical address;

   b.  the name and location and URL of any and all websites that Defendants own and/or operate and the name, location, account numbers, and URL for any and all User Accounts and Merchant Storefronts on any Third Party Service Provider platform that Defendants own and/or operate;

   c.  the complete sales records for any and all sales of Counterfeit Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars), and the dates thereof;

   d.  the account details for any and all of Defendants' Financial Accounts, including, but not limited to, the account numbers and current account balances; and

   e.  the steps taken by each Defendant or other person served to comply with Section I, above.

2) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York, and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

3) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order the Financial Institutions served with this Order shall identify any and all of Defendants' Financial Accounts, and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account numbers, and account balances for any and all of Defendants' Financial Accounts and confirmation of said compliance with this Order.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall identify any and all of Defendants' User Accounts and Merchant Storefronts, and provide Plaintiff's counsel with a summary report containing account details for any and all User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts and Defendants' Merchant Storefronts, contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), and confirmation of said compliance with this Order.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

    1)    Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody, or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

        a.  account numbers;

        b.  current account balances;

   c.  any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses, and contact information;

   d.  any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and, if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

   e.  any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks, and account statements; and

   f.  any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank, and the beneficiary's account number.

E.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

  1)  Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall provide to Plaintiff's counsel all documents and records in its possession, custody, or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

   a.  any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that

Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

b. the identities, location, and contact information, including any and all e-mail addresses, of Defendants that were not previously provided pursuant to Paragraph V(C);

c. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment, and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history, and a listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

d. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling of Counterfeit Products, or any other products bearing the Pop It Mark and/or marks that are confusingly similar to, identical to, and constitute an infringement of the Pop It Mark.

## VI.    Security Bond

IT IS FURTHER ORDERED that Plaintiff shall place security in the amount of Five Thousand Dollars ($5,000) with the Court which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

## VII.    Sealing Order

IT IS FURTHER ORDERED that Plaintiff's Complaint and exhibits attached thereto, and Plaintiff's *ex parte* Application and the Declarations of David Capon and Gabriela N. Nastasi in

13

support thereof and exhibits attached thereto, and this Order shall remain sealed until further order

of the Court or until the Financial Institutions and Third Party Service Providers comply with

Paragraphs I(B)-(C), III(A) and V(C) of this Order, whichever is earlier.  Plaintiff shall promptly

advise the Court once that compliance has occurred.

       SO ORDERED.

Dated:     March 13, 2023
          New York, New York

                                     JOHN P. CRONAN
                            United States District Judge