UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FOXMIND CANADA ENTERPRISES LTD.,

               Plaintiff,

-v-

ACEXL, ARESMRO, BDBD-US, BEBOGER, BQMDTY, CHILDREN'S TOYS HOUSE, CLRDGD, DASH GO, GRAMAN DIRECT, GYNAKOZ, HFATMOS, HOMEMATE, HONGBANGDOUFUPU, JADEWILL US, JHF Y STORE, JINGJINGXIN, JUNXUNXUN, KANGBAOXIN, LZM-US, MAIMAILINLIN, MITLKER, MUTOUZI, MYLUO _ US, OPPMART, PARBLEFRIED, PINZOVENO STORE DIRECT, QETRABONE-US, QINQIZIYT, RICHTIM, SCTECH DIRECT, SHANMAOGSI, SHUNCJL OFFICIAL STORE, SNTECH, SUNFAIT, T&T MEDIA GLOBAL CREATIONS LTD, TENG HUI, TOCINEY, TO-TORO, WENCASE, YMTEC, YMX TOYS and 新鑫商贸有限公司 A/K/A XINXIN TRADING CO., LTD.,

               Defendants.

---

23 Civ. 1764 (JPC)

FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER

## GLOSSARY

| Term | Definition | Docket Entry No. |
|---|---|---|
| **Plaintiff** | FoxMind Canada Enterprises Ltd. | N/A |
| **Defendants** | ACEXL, ARESMRO, BDBD-US, Beboger, BQMDTY, Children's Toys House, clrdgd, Dash GO, Graman Direct, Gynakoz, HFATMOS, HOMEMATE, hongbangdoufupu, JadeWill US, JHF Y store, JingJingXin, junxunxun, KANGBAOXIN, LZM-US, Maimailinlin, Mitlker, Mutouzi, MYLUO _ us, OPPMART, Parblefried, Pinzoveno Store Direct, QETRABONE-US, QINQIZIYT, Richtim, SCTech Direct, shanmaogsi, ShunCJL Official Store, SNTECH, Sunfait, T&T Media Global Creations LTD, Teng Hui, Tociney, TO-TORO, Wencase, YMTEC, YMX TOYS, and 新鑫商贸有限公司 a/k/a Xinxin Trading Co., Ltd. | N/A |
| **Defaulting Defendants** | ACEXL, BDBD-US, Beboger, BQMDTY, Children's Toys House, clrdgd, Dash GO, Graman Direct, Gynakoz, HOMEMATE, hongbangdoufupu, JadeWill US, JingJingXin, KANGBAOXIN, LZM-US, Maimailinlin, Mutouzi, MYLUO _ us, OPPMART, Parblefried, Pinzoveno Store Direct, QINQIZIYT, Richtim, SCTech Direct, shanmaogsi, SNTECH, Sunfait, Teng Hui, TO-TORO, Wencase, YMTEC, YMX TOYS, and 新鑫商贸有限公司 a/k/a Xinxin Trading Co., Ltd. | N/A |
| **Amazon** | Amazon.com, a Seattle, Washington-based online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell, and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Complaint** | Plaintiff's Complaint filed on March 1, 2023 | Dkt. 9 |
| **Pop It Mark** | U.S. Trademark Registration No. 6,183,005 for "POP IT!" for goods in Class 28 | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Pop It Mark, and/or products in packaging and/or containing labels bearing the Pop It Mark, and/or bearing or used in connection with marks that are confusingly similar to the Pop It Mark, and/or products that are identical or confusingly similar to the Pop It Mark | N/A |

i

| | | |
|---|---|---|
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants, and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants, and all persons in active concert or participation with any of them | N/A |
| **Defaulting Defendants' Assets** | Any and all money, securities, or other property or assets of Defaulting Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defaulting Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defaulting Defendants or any of Defaulting Defendants' User Accounts or Defaulting Defendants' Merchant Storefronts (whether said accounts are located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), and PingPong Global Solutions, Inc. ("PingPong") | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon, such as Amazon.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants, and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell, and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Should Not be Entered Against Defaulting Defendants filed on July 21, 2023 | TBD |
| **Affidavit of Gabriela N. Nastasi** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition, and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Pop It Mark, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, or offering for sale and/or selling and/or sale of Counterfeit Products.

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificate of Service of the Summons and Complaint, and the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### I. Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff for the First and Second Causes of Action pleaded against Defaulting Defendants in the Complaint; the Third and Fourth Causes of Action are dismissed without prejudice;

### II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Memorandum of Law in Support of its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded Fifty Thousand Dollars

($50,000.000) in statutory damages against the following thirty-three (33) Defaulting Defendants: ACEXL, BDBD-US, Beboger, BQMDTY, Children's Toys House, clrdgd, Dash GO, Graman Direct, Gynakoz, HOMEMATE, hongbangdoufupu, JadeWill US, JingJingXin, KANGBAOXIN, LZM-US, Maimailinlin, Mutouzi, MYLUO _ us, OPPMART, Parblefried, Pinzoveno Store Direct, QINQIZIYT, Richtim, SCTech Direct, shanmaogsi, SNTECH, Sunfait, Teng Hui, TO-TORO, Wencase, YMTEC, YMX TOYS, and 新鑫商贸有限公司 a/k/a Xinxin Trading Co., Ltd. ("Defaulting Defendants' Individual Damages Award") pursuant to 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest.

### III.  Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in Counterfeit Products or any other products bearing the Pop It Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Pop It Mark;

   B. directly or indirectly infringing in any manner Plaintiff's Pop It Mark;

   C. using any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Pop It Mark to identify any goods or services not authorized by Plaintiff;

   D. using Plaintiff's Pop It Mark and/or any other marks that are confusingly similar to the Pop It Mark on or in connection with the manufacturing, importing, exporting,

      advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Counterfeit Products;

E. secreting, concealing, destroying, altering, selling off, transferring, or otherwise disposing of and/or dealing with: (i) Counterfeit Products and (ii) any computer files, data, business records, documents, or any other records or evidence relating to their User Accounts, Merchant Storefronts, or Defaulting Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of Counterfeit Products; and

F. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront, or any other means of importation exportation, advertising, marketing, promotion, distribution, displaying, offering for sale, and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising, and promotional materials and any other materials in the possession, custody, or control of Defaulting Defendants that infringe Plaintiff's Pop It Mark or bear any marks that are confusingly similar to the Pop It Mark pursuant to 15 U.S.C. § 1118.

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

A. secreting, concealing, destroying, altering, selling off, transferring, or otherwise disposing of and/or dealing with any computer files, data, business records, documents,

or any other records or evidence relating to Defaulting Defendants' Frozen Assets and Defaulting Defendants' Financial Accounts;

B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(3)(A) above.

### IV. Dissolution of Rule 62(a) Stay and Asset Turnover Pursuant to N.Y. C.P.L.R. § 5225

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30-day automatic stay on enforcing Plaintiff's judgment, pursuant to Federal Rule of Civil Procedure 62(a) is hereby dissolved.

2) IT IS FURTHER ORDERED, that two (2) weeks after final judgment is entered, Plaintiff will either: (1) file a motion for an asset turnover pursuant to N.Y. C.P.L.R. § 5225 or (2) notice the Court of its intention not to proceed with a request for an asset turnover so the case may be closed.

### V. Miscellaneous Relief

1) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

2) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

3) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

    SO ORDERED.

Dated: August 22, 2023
       New York, New York

                                                      JOHN P. CRONAN
                                              United States District Judge